United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW SCOTT DOWELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-1038 |
| | § | |
| WARDEN H. KOBAYASHI, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a federal prisoner in custody at the Bureau of Prisons ("BOP") Houston Federal Detention Center (the "Facility"), filed this *pro se* civil lawsuit against Facility employees under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He complains that he was assaulted by two prisoners at the Facility in 2022 and is being threatened by another prisoner, and that defendants are refusing to place him in protective housing. He seeks a declaratory judgment and monetary compensation.

Plaintiff pleads in his typewritten, non-standardized complaint that he did not exhaust his administrative remedies prior to filing this lawsuit due to "the serious risk is inevitable" exception, citing *Helling v. McKinney*, 509 U.S. 25, 34–35 (1993). (Docket Entry No. 1, p. 4.) He further states in a post-filing supplemental pleading dated March 30, 2023 (Docket Entry No. 6) that he recently requested a grievance form from two unit staff members but they refused to provide one. Plaintiff argues that this latter event excuses his failure to

exhaust. However, Fifth Circuit Court of Appeals precedent makes clear that prisoners must exhaust their administrative grievance remedies *before* filing a federal lawsuit. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2021). Thus, the refusal of two employees to provide him a grievance form *after* he filed this lawsuit does not excuse plaintiff's failure to exhaust.

As relevant to plaintiff as a federal inmate, codified BOP regulations define the prison grievance procedures. *See* 28 C.F.R. §§ 542.10 *et seq*. First, a prisoner must attempt to informally present the issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden. *Id.* at §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the BOP's regional director. *Id.* at § 542.15(a). If the prisoner is unsatisfied with the regional director's response, he may appeal to the BOP's general counsel. *Id.* The regulations also provide that if a "request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare," the warden must respond within three days after filing. *Id.* at § 542.18. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels.

Plaintiff's *pro se* complaint and post-filing supplemental pleading show on their face that plaintiff knowingly failed to exhaust these prison administrative remedies prior to filing this lawsuit. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (holding that *sua sponte* dismissal may be appropriate when the complaint on its face establishes the inmate's failure to exhaust); *Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010) (same). He pleads no

factual allegations showing that the grievance process was unavailable to him prior to his filing of this lawsuit. Plaintiff's reliance on *Helling* is misplaced, as the *Helling* decision did not involve an exhaustion issue.

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, predicated on failure to exhaust. Any and all pending motions are **DENIED**. This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's second strike. *See Dowell v. Kobayashi*, C.A. No. H-22-4486 (S.D. Tex. Feb. 24, 2023) (dismissed for failure to state a claim); *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) ("A dismissal of a prisoner's complaint for failure to state a claim, predicated on failure to exhaust, counts as a strike for purposes of 28 U.S.C. § 1915(g).").

Signed at Houston, Texas, on _____ APR 2 4 2023 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE