United States Courts
Southern District of Texas
FILED

NOV 27 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICTOF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW SCOTT DOWELL BOP# 22131-041 Plaintiff, | ) ) ) ) | Case No: 4:23-cv-01038 Bivens Action |
| Vs. | ) ) | TrialkBy Judge |
| Warden H. Kobayashi, etaal, defendants, | ) ) ) | First Ammended Complaint |

Now Comes, MATTHEW SCOTT DOWELL, Plaintiff Pro se, Who presents

the following action and claim for declaratory and compensatory

and punative damages.

## I. Introduction

1. This Action before the Court,=a lawsuit involving the Administration

of the Federal Detention Center Houston,(hereinafter "FDC" (A prison

facility of the bureau of prisons.)

2. This Complaint alleges that the LT's of the facility have been placing

the Plaintiff with other inmates whoihave violent histories and the

plaintiff has a history of violent acts commited against him. Due to

his criminal charges and that the administration of the FDC has not

taken nessesary steps to ensure the plaintiff's protection and welll

being.infact the Defendants have done the opposite by placing the

Plaintiff with inmates with the hopes that the plaintiff will be

assaulted, and even hinted at suchg. Where as it is the Facilities

duty to prevent inmate-on-inmate violence the FDC has failed to take

the nessesary steps to prevent this. the plaintiff is filing this

lawsuit under the supreme court decisiona(Farmer V. Brennan, 511

U.S. 825, 114 S.Ct 1970, 128 L.ED.2d 811 (1994)).

## II. PARTIES

Plaintiff:

3. Matthew Scott Dowell ("Plaintiff") is currently detained in the
Federal Penitentiary in Marion Illinios , USP Marion P.o. Box 1000
Marion, IL 62959

1 - 9⁰

Defendants:

4. Defendant H. Kobayashi (Warden Kobayashi) at all times relevant to this action was/is employed as warden at the FDC, Charged with the custody and care of the Plaintiff. Warden Kobayashi is the facilities highest authority responsable for the appointment, employment and oversight of the facilities operations generally. Warden Kobayashi is the final appellate authority over inmate instatutional grievence's and concerns, At all times relevent to this complaint. Warden Kobayashi acted under the colors of federal law and he is hereby sued in his individual capacity, jointly and severally for those acts and ommisions described fully below.

5. Defendant , LT Standley, at all times relevant to this action was/is employed at the FDC as Special Housing unit LT. LT Standley acted under the color of federal law. he is hereby sued in his individual capacity joihtly and severally for those actszand ommisions described fully below.

6. Defendant, LT Brown, at all times Relevant to this action was/is employed as LT at the FDC. LT Brown acted under the color of federal law. she is hereby sued in her individual capacity jointly and severally for those acts and ommisions described fully below.

7. Defendant LT Thomas at all times relevant to this action was/is employed as SIS LT at FDC Houston. LT Thomas is charged with conducting investigations and issuing protective custody orders. LT Thomas acted under the colors of federal law. he is hereby sued in his individual capacity jointly and severally for  those acts and ommisions described fully below.

8. Defendant LT Zarate, at all times relevant to this action was/is employed as a LT at the FDC. LT Zarate acted under the colors of federal law. he is hereby sued in his individual capacity jointly and severally for those acts and ommisions described fully below.

### III. JURISDICTION

(
9. Jurisdiction is asserted, pursuant to 28 U.S.C 1331 & "Bivens v. Six unknown agents" 403 U.S. 388 (1971)".to address the deprivation of those rights secured by the United States Constitution, deprived by the persons acting under the color of federal law. The Court has jurisdiction  over these matters.

### IV. Previous Lawesuits

10. Plaintiff has filed 1 civil suit in the past , there have been no previous litigation regarding any of these issues described in the complaint.

### V. Statement of facts

11. On June 24th 2022 Plaintiff was sent to the Special Housing Unit("SHU") pending investigation at which time he requested Protective Custody from LT'Zarate because plaintiff feared for his life due to his charges. LT Zarate told the plaintiff this facility does not offer protective custody which was a lie.because all facilitied are suppost to grant protective custody, later the united states martials told the plaintiff that FDC Houston should have only housed me with other inmates like me or at the very least inmates compatable with my type of charges. Over the course of a year and a half.the Plaintiff had suffered multiple injuries caused by other inmates assaulting the plaintiff while housed with the plaintiff in the SHU, These inmates where violent and at times gangmembers and /or  convicted mafia/cartel members/ Plaintiff also requested Protective custodfyfrom LT Thomas who as SIS LT was in charged of granting Protective custody. LT Thomas told the plaintiff "we dont gave Chomo's protective custody and if you get your ass beat because of your charges it is what you deserve."

The plaintiff has had issues withhLT Thomas in the past where LT Thomas had himself assaulted the plaintiff and threatened him. An investigation was launched into LT Thomas for those allegations. during which LT Thomas took Retalitory Actions against the Plaintiff.

12. An incident occuring on Sep 21 2022 caused the Plaintiff severe bloodloss and had xrays of his facial area. Plaintiff was covered in his ownnblood and pictured were taken by an SIS officer.after the incident occured . SIS officers also lied in the incident report claiming the assault was over coffee even after i told SIS that Donald Shibley Attacked me because another inmate told him i was a chomo. donald Shibley was a known Gang Member with W.A.SP.P a white supremeacy gang he also had Lighting bolts and Swazticas tattoo'ed on him and was in FDC Houston on mental eval. LT Standley had placed Donald Shibley with me at the time iawas with another inmate who i actually got along with. LT Standley Made this swap purposefully knowning this inmate was violent. Under Case ("Hamilton V. Leavy, 117 F.3d 742(3rd Cir 1997)  Prisoner alleged viable 8thgammendment claim under Farmer V Brennan when Prison officials failed to take necessary steps because prisoner had a institutial reputation as a"Snitch" and a history of violent acts aggainst him").

13. After this incident the plaintiff told Officer Castro and Officer Sanchez that he was once again requesting protective custodyyand officer castro said that he would let Et Standley know.

The Next morning i asked LT Standley for Protective custody but he said " We dont do that dowell, Your going to get a cellie" and then placed an inmate named Andrew Sanchez with me.who is a Blood Gangmember. on oct 09 2022 inmate sanchez assaulted the p plaintiff because he was going home on bond he claimed and said "that i was a "Bitch ass Chomo" during the incident plaintiff tried to protect himself and officer Mc Cullar came to the cell after hearing shouts and witnessed inmate Sanchez stompoon plaintiff's head then sprayed both with mace spray.

("Cantu v. Jones, 292 F.3d 981 (7th Cir 2002) Prison officials must take measures to prevent inmate-on-inmate violence")

("Calderohaortiz v. Laboy-Alvarado, 300 F.3d 60(1st cir 2002) Prison officials must take measures to prevent inmate-on-inmate violence").

15. after this incident plaintiff was once again asking for Protective Custodyyand was once again denied and forced toicell with a "Pecker Wood" Gang member who often extorted the plaintiff for his meal trays and threatened with violence.wPlaihtiff had no way to descreetly report these issues . LT Thomas came by the cell and asked the plaintiff "Has he beat your ass yet?" insinuating that was why he was placed with me.

16. After inmate Burke went back to general population i was placed with another cell mate who turned out to beea convicted cartel named jose, who tried to fight me after another inmate told him about my chagges however Officer MCCullar came by right in time to pull inmate jose out of the cell. if officer McCullar didnt walk by dnrtime i would have been assaulted again. .

17. after moving jose out of the cell LT Brown placed me in a cell

with a guy who was a convicted cuban mafia and is in the shu from boumont because he had assaulted 2 guards and multiple inmates. and was on a LT Hold meaning he had to have 2 guards plus a LT to escort him out the cell because he wazs violent. LT Brown knew this inmate posed a high risk of harm to me yet placed me with him anyways After some time passed another inmate told this inmate about my charges who thentstarted making threats to me. this inmate had also assaulted me while i slept and was moved out of the cell the next day. .

18. on 5/20/2023 an inmate named Ahmadou Moctar BOP # 02802-506 was sent to the shu for assaulting his sell mate in general population. named Mcneal who was an elderly man. apon entry to the shu officers had placed Mr. Ahmadou with the plaintiff. on 5/24/2023 Ahmadou assaulted theeplaintiff over a span of 25 minutes. during 20 of these minutes the plaintiff had pressed the duress button in the cell but the guards failed to come untill there scheduled 30 minute round. where they found the plaintiff bleeding. there failure to come at the duress button press allowed Ahmadou to assault theeplaintiff and beat the plaintiff to the point the plaintiff required multiple sitchs a and severe bloodloss . Again had the facility granted Plaintiff's request for protective custody this event would have been prevented. after this incident plaintiff spoke with SIS officer Vellareel and asked him for protective custody. but instead of granting the plaintiff what he asked for they placed him with an aryon brother hood gang member named Chris Smithhwho also extorted plaintiff for trays and commisary. when the plaintiff went to court  on 5/25/23 his attorney Micheal D Degeurin Jr. took a picture of plaintiff's injuries and had withnessed the plaintiff with injuries on multiple occasions.and even reported the problems to the marials.

6 - 9

19. With the exception of Shibley, Sanchez, Ahmadou all inmates the plaintiff was housed with where convicted inmates and per BOP policy. Convicted inmates are not suppost to be housed with pretrial inmates. further more because the plaintiff's criminal charges and history ofglory violent acts against him therfacility is charged with the duty toitake the necessary steps to prevent inmate-on-inmate violence and ensure the plaintiff's safety which they failed to do.

20. as a result with being placed with violent inmates and the facilities inability to ensure the plaintiff's safety and purposefully placing the plaintiff in harms way by placing him with inmates who pose a substandtial risk of harm to him and placed the plaintiff in imminent danger the plaintiff has been injured multiiple times some cases severely and continued to be under threat causing the plaintiff severe mental and motional duress and trama. plaintiff also lost over 40 pounds in less then a year because of the trays being extorted from plaintiff.

21. durting the weekly mainline walkthrough plaintiff had spoken to WardenbKobayashi and informed him oif what was going on but warden kobayashi only told me to file my remedies when i told him i was being denied my remedies he told me oh well deal with it and walked awayn aftetctelling me i have to obey BOP policy even if it places me at risk of harm.

22. due to the refusal and deliberate indifference toithis matter the plaintiff has suffered multiple injuries that could haveebben avoided and continued to be exposed to substantial risk and the plaintiff remained under imminent dangertand feared for his life for over a year.

7 - 9

23. Defendants Kpbayashi, Standley, Brown, Thomas, and Zarate were all aware of the Plaintiff's charges and the violent history against him. But had diliberately with malice placed the Plaintiff in harms way repeatedly which is/was out of the limits of professional standards. The Defendant's were diliberately indifferent to the harm that the Plaintiff was placed in which led to the Plaintiff being harmed multiple times by other inmates and continued to be placed with inmates who had violent histories in violation of the Eighth Amendment of the United States Constitution, prohibiting "Cruel & Unusual Punishment" and backed up by the United States Supreme Court. Farmer v. Brennan, 511 U.S. 825 (1994).

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Plaintiff had filed a BP-10 to the Regional Office labeled as "Sensitive Issue" "Life in Danger!" The Regional Office had denied and rejected this grievance and F.D.C. Houston had refused to give me a BP-8, BP-9 or a BP-11, to exhaust the administrative process.

## VIII. PRAYER FOR RELIEF

25. Awarding damages in the amount of $50,000.00 for each Defendant for Compensatory damages and $50,000.00 in the amount of Punative damages.

26. Awarding Declatory Damages against the Defendants in favor of the Plaintiff.

27. Costs of suit, and the Plaintiff seeks a trial by Judge in the above entitled action. And any other equitable relief that the Court may deem fair and correct.

28. The Plaintiff Matthew S. Dowell reserves the right to amend any claim in the above entitled action at any time.

8 - 9

## DECLARATION IN SUPPORT OF COMPLAINT

I, certify and state under penalty of perjury that the fore-going statements made by me are true and correct to the best of my knowldge and beliefs, pursuant to the penalties of purjury and 28 U.S.C. §1746.

Respectfully submitted,

Dated: November 13, 2023

Matthew S. Dowell #22131-041
USP Marion, PO Box 1000
Marion, IL 62959

9 - 9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

Matthew Scott Dowell                )          Case no. 4:23-cv-01038
BOP# 22131-041                      ))
     Plaintiff¦                     )
                                    )       Notice of Motion for Leave
Vs.                                 )          to ammend Complaint.
                                    )
Warden Kobayashi, et al,            ))
     Defendants,                    )


the Plaintiff Matthew Dowell, Hereinafter "MR.Dowell" moves this Honorable Court for leave to file his Ammended Complaint.

1. MR. Dowell is presently in USP Mariohn in marion IL. and is proceeding Pro Se untill granted counsel

2. Mr dowell is requesting to ammend his original complaint to fix error's and add assault's that occured after the original complaint was filed.


Pursuant to 28 USC § 1746, i declare under the penqalty of perjury the followingfis true and correct to the best of my knowlege.


_____
Signature

_____11/11/23_____
date

Matthew Dowell #22131-041
USP Marion, P.O. Box 1000
Marion, IL 62595

United States Courts
Southern District of Texas
F I L E D

NOV 27 2023

Nathan Ochsner, Clerk of Court

United states District Court Clerk
P.O. Box 61010
Houston, Tx 77208-10109

November 11 2023
Re: dowell v Kobayashi, et al
Case No: 4:23-cv-01038
Moition for leave to ammend complaint
1st ammended complaint

Dear Court Clerk,

I have enclosed my motion for leave to file an ammended complaint and
my 1st ammended complaint.

Please file this accordingly. i am thanking you in advanc for your
anticipated cooroperation in this matter.

i would also like to request a status update on this case please.

Sincerely, Matthew Dowell

Copy: file/MSD

Matthew Dowen 22131-041
USP Marion
P.O. Box 1000
Marion, IL 62959



United States Courts
Southern District of Texas
FILED

NOV 27 2023

Nathan Ochsner, Clerk of Court



United States District Court Clerk
P.O. Box 61010
Houston, tx 77208-1010